UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GREGORY JONES, | ) | CASE NO. 4:05 CV 2351 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES PAROLE | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Respondents. | ) | |

The above-captioned petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Gregory Jones against the United States Parole Commission and Robert M. Topia, Warden at the Northeast Ohio Correctional Center (NOCC). Mr. Jones, who was confined at NOCC when he filed this petition, seeks to "expedite [parole] proceedings" in order to protect his Constitutional rights under the Fifth and Fourteenth Amendments.

**Factual Background**

Mr. Jones's was on parole from a federal offense at the time of his arrest in Baltimore, Maryland on October 24, 1984. He claims the arrest stemmed from charges filed against him on two counts of first degree murder, attempted murder, a hand gun violation, "plus other crimes associated with his October 24, 1984 arrest." (Pet. at 1.)

A detainer was served upon Mr. Jones some time in January 1985 based on a violation of his federal parole. He states that he "received a hearing into whether there was probable cause to satisfy the petitioner's arrest." (Pet. at 2.) Mr. Jones was then convicted in May 1985 on state charges relating to his October 1984 arrest.

On July 29, 2005, petitioner was released from the Maryland Division of Correction and surrendered to the Baltimore County Sheriff Detention Center, pending a decision on his motion for a new trial. The court allegedly granted his motion on August 22, 2005. Petitioner was "credited with time served" and released from Baltimore County the following day. He was then taken immediately into custody by the United States Marshal Service based on the detainer issued in 1985.

Mr. Jones now asserts in his petition before this court that his "probable cause determination started on or about January 1984."[1] (Pet. at 3.) This was the point at which he claims a hearing was held regarding the detainer warrant issued in response to a potential federal parole violation. "No further actions have taken place since on or about January 1984." Id. He states that he wrote to the U.S. Parole Commission "on several occasions requesting a resolution to his detainer, only to be told by the U.S. Parole Commission that they would not hear his cause until he was in the custody of the U.S. Marshal Service." (Pet. at 3-4.)

It is Mr. Jones's position that Morrissey v. Brewer, 408 U.S. 471 (1972) set forth the proposition that he was entitled to a fair and reliable determination of probable cause shortly after his arrest. He implies that once his hearing was held on January 1985 "the conclusion of a

---

[1] The year referenced is an obvious typographical error considering the fact that the hearing would have preceded Mr. Jones's arrest in October 1984. Therefore, the court believes that petitioner is referring to the year 1985, not 1984 in this instance.

parolee's final parole revocation hearing, . . . must be within reason" (Pet. at 3), and that his revocation hearing has been unreasonably delayed. Mr. Jones maintains that he has been in the custody of the United States Marshals since August 23, 2005. Since then, he alleges he has not been called for a hearing, and he has not received any formal notice as to the basis for his detention. In his prayer for relief, Mr. Jones requests a formal hearing "as to his liberty interest rights [and] . . . to be granted protection from the U.S. Parole Commission [sic] violating the petitioner['s] due process rights." (Pet. at 5.)

## 28 U.S.C. § 2241

Federal district courts generally require a showing of prejudice caused by the erroneous action of parole authorities before habeas relief is considered warranted. See Goodman v. Keohane, 663 F.2d 1044, 1046 (11th Cir. 1981); Northington v. U.S. Parole Commission, 587 F.2d 2 (6th Cir. 1978); Smith v. United States, 577 F.2d 1025, 1029 (5th Cir. 1978). Here, it appears Mr. Jones's sole complaint involves his assertion that his final revocation hearing has been delayed beyond a reasonable period of time.

A federal parolee serving an independent intervening sentence in the same jurisdiction has no constitutional right to a prompt revocation hearing. Moody v. Daggett, 429 U.S. 78 (1976). The Sixth Circuit extended this holding to circumstances, like the present case, when a federal parole violator warrant is lodged as a detainer with state prison authorities. Kenner v. T.C. Marin, 648 F.3d 1080, 1081 (6th Cir. 1981)(per curiam). Moreover, a parolee is not entitled to habeas corpus relief when the Commission has failed to hold the revocation hearing within the statutory time limits unless he can show both unreasonable delay and prejudice severe enough to render the revocation hearing inadequate. Northington, 587 F.2d at 4; accord Berg v. United

3

States Parole Commission, 735 F.2d 378 (9th Cir. 1984); Hopper v. United States Parole Commission, 702 F.2d 842 (9th Cir. 1983); Sutherland v. McCall, 709 F.2d 730 (D.C. Cir. 1983); Beck v. Wilkes, 589 F.2d 901 (5th Cir.), cert. denied, 444 U.S. 845 (1979).

Considering the fact that Mr. Jones does not allege any prejudice regarding the delay of his revocation hearing and cannot sustain a per se violation based on the facts set forth in the petition, see Sutherland, 709 F.2d at 733, his claim is not subject to habeas review. Under the statute in effect at that time, anyone taken into custody by a parole violator's warrant must "receive a revocation hearing within ninety days." 18 U.S.C. § 4214(c) (1984)[2]. Assuming the warrant was executed in August 2005, the Commission had until November 2005 to hold a revocation hearing in this case. If the Commission violated the statute, the appropriate remedy for a § 4214 default would be a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence. See Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir.1982); Harris v. Day, 649 F.2d 755, 762 (10th Cir.1981); Northington, 587 F.2d at 3. Under these circumstances, Mr. Jones's claims do not warrant habeas corpus relief. See e.g Bennett v. Bogan, 66 F.3d 812, 818-19 (6th Cir.1995), cert. denied, 516 U.S. 1150 (1996).

This action is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice as to any writ

---

[2] Chapter 311 [§§ 4201 to 4218] under Title 18 of the United States Code was repealed by Pub. L. 98-473, Title II, § 218(a)(5), Oct. 12, 1984, 98 Stat. 2027. The chapter was to remain in effect for eighteen years after November 1, 1987. See Pub.L. 107-273, § 11017(note under 18 U.S.C.A. § 4202, deemed references to "fifteen" to be "eighteen" in Pub.L. 98-473, § 235(b), as it relates to 18 U.S.C.A. § 4201 et seq.).

4

of mandamus action Mr. Jones may initiate to compel compliance with the statute. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

                                                  s/John R. Adams
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE